UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND
PENSION FUND, ANNUITY FUND AND
TRAINING PROGRAM FUND, *et al.*,

                    Petitioners,

-against-

AIR CONSTRUCTION, INC.,

                    Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/17/2023

1:21-cv-835 (MKV)

**ORDER GRANTING
CONFIRMATION OF
ARBITRATION AWARD**

MARY KAY VYSKOCIL, United States District Judge:

      Petitioners Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund, Anna Gutsin, and Robert Bonanza (collectively, "Petitioners") seek confirmation of an arbitration award entered against Respondent Air Construction, Inc. ("Respondent"), pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  The petition is GRANTED.

      The Petitioner Funds are employee benefit plans designed to "provide fringe benefits to eligible employees on whose behalf employers contribute . . . pursuant to collective bargaining agreements between employers in the building and construction industry and [unions]."  *See* Petition to Confirm Arbitration ¶ 1 [ECF No. 1] ("Pet.").  Anna Gutsin is the Director of the Funds and Robert Bonanza is the Business Manager of the Mason Tenders District Council.  Pet. ¶ 1. Respondent is an employer bound by the terms of the New York City Agency Renovation and Rehabilitation Project Labor Agreement (the "PLA").  Pet. ¶¶ 3, 6.  Pursuant to the PLA, Respondent is required to pay contributions to various employee benefit plans.  Pet. ¶¶ 1, 7–11.

      Petitioner initiated an arbitration proceeding in December 2019, alleging that Respondent failed to meet its payment obligations from June 18, 2018 through August 5, 2018.  Pet. ¶¶ 15–16.

Despite having notice, Respondent did not appear at the arbitration hearing.[1]  Pet. ¶ 17; *see also* Opinion and Default Award [ECF No. 1] ("Arb. Award").  On February 1, 2020, arbitrator Joseph A. Harris concluded that Respondent owed "delinquent fringe benefits and associated items," and ordered Respondent to pay $28,485.53.  *See* Arb. Award 2; Pet. ¶ 18.  Petitioners seek an order confirming that arbitral award.  Pet. ¶ 20.  Petitioners served Respondent on February 9, 2021, *see* Affidavit of Service [ECF No. 6], but Respondent has again failed to appear or respond.

This Court has "jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  Where, as here, a petition to confirm an arbitration award is unopposed, the Court treats the petition "as an unopposed motion for summary judgment."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'"  *Id.* (citations omitted).  A court may not "review the arbitrator's decision on the merits," and instead, should "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016).  Only "'a barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award."  *D.H. Blair*, 462 F.3d at 110 (citation omitted).

The Court finds no reason to vacate the unopposed arbitration award.  The PLA permit Petitioners to take "any legal action for the purpose of collecting . . . unpaid benefits from an employer[,] including the commencement of arbitration proceedings . . . to seek allegedly

---

[1] The arbitrator informed Respondent of the arbitral hearing via e-mail, regular mail, and certified mail.  *See* Arb. Award at 1.  Certified mail tracking receipts indicate that Defendant received notice of the hearing.  Arb. Award at 1.

delinquent contributions." Pet. ¶ 8. Arbitrator Harris acted within the scope of his authority and concluded that Respondent owed delinquent contributions. There exists more than a "barely colorable justification" for the award in this case.[2]

Accordingly, the petition to confirm the arbitration award is GRANTED. The Court awards judgment in Petitioners' favor in the amount of $28,485.53, plus statutory interest accruing from the date of this Order until Respondent has paid the full Award.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date: October 17, 2023
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[2] This conclusion is not undone by the fact that Respondent did not appear in the arbitration or in this action. *See Trustees of Metal Lathers Loc. 46 Pension Fund v. Regal USA Constr., Inc.*, No. 19-CV-3148, 2019 WL 2270435, at *1 (S.D.N.Y. May 28, 2019) ("[T]he Court can confirm awards issued in arbitrations that Respondent choose, after sufficient notice, not to appear in."); *see also Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428–30 (S.D.N.Y. 2008).